N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PATRICIA DAWN SMITH                                                          PLAINTIFF

vs.                                  Civil No. 6:17-cv-06080

NANCY A. BERRYHILL                                                           DEFENDANT
Acting Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Patricia Dawn Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability application on May 15, 2014. (Tr. 13). In her application, Plaintiff alleges she was disabled due to cirrhosis of the liver, Hepatitis C, residuals from a car wreck in 2009, severe pain, depression, and hearing and vision issues. (Tr. 181). Plaintiff alleges an onset date of June 3, 2009. (Tr. 13). Plaintiff later amended her alleged onset date to April

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

1, 2014. *Id.* This application was denied initially and again upon reconsideration. (Tr. 59-96).

Thereafter, Plaintiff requested an administrative hearing on her application, and this request was granted. (Tr. 29-58). This hearing was held on June 10, 2016 in Little Rock, Arkansas. *Id.* At this administrative hearing, Plaintiff was present and was represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Stacy McKisick testified at this hearing. *Id.* On the date of this hearing, Plaintiff testified she was sixty (60) years old, which is defined as a "person of advanced age" under under 20 C.F.R. § 404.1563(e) (DIB), and she testified she completed one year of college. (Tr. 36).

On August 5, 2016, the ALJ entered an unfavorable decision on Plaintiff's disability application. (Tr. 10-22). In this decision, the ALJ found Plaintiff last met the insured status requirements of the Act on December 31, 2014. (Tr. 15, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the time period from her amended alleged onset date of April 1, 2014 through her date last insured of December 31, 2014. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairment: degenerative disc disease of the cervical and lumbar spine. (Tr. 15-17, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17-18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 18-21, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for the following:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b).

2

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 6). The ALJ determined that, through her date last insured, Plaintiff was capable of performing her PRW as a bartender. *Id.* Because Plaintiff retained this capacity, the ALJ determined Plaintiff was not under a disability under the Act at any time from her alleged onset date of June 3, 2009 through December 31, 2014, the ALJ's decision date. (Tr. 21, Finding 7).

Plaintiff requested that the Appeals Council's review the ALJ's unfavorable disability determination. (Tr.1-3). On July 21, 2017, the Appeals Council declined to review the ALJ's disability determination. *Id.* On August 21, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 24, 2017. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 13-14. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **<u>Discussion:</u>**

In her appeal brief, Plaintiff raises two arguments for reversal: (1) the ALJ erred in evaluating her PRW; and (2) the ALJ erred in evaluating her RFC. ECF No. 13 at 1-11. Because the Court finds the ALJ improperly evaluated her PRW, the Court will only address Plaintiff's first argument for reversal.

Plaintiff argues the ALJ erred in assessing her PRW. ECF No. 13 at 2-5. Specifically, Plaintiff argues "the ALJ's determination fails to consider the duties of Plaintiff's job as it actually was performed." *Id.* Plaintiff argues she performed the "composite job of bartender and bartender helper," and the ALJ failed to account for this composite job. *Id.*

Upon review, the Court finds Plaintiff's argument is merited. Indeed, in his decision, the ALJ relied heavily upon the DDS examiner's assessment of Plaintiff's PRW. (Tr. 72). In this assessment, the examiner noted Plaintiff's PRW included "lifting ice buckets weighing 25-30 pounds." *Id.* During her testimony at the administrative hearing in this matter, Plaintiff also reported having to carry *several* buckets of ice at weights of "12 to 15 pounds" each. (Tr. 53).

Despite this report and testimony, the ALJ still found Plaintiff's PRW is characterized as "light" work under 20 C.F.R. § 404.1567(b) (2017). However, "light" work includes lifting *no more than* 20 pounds at a time. *Id.* Because 25-30 pounds at time of lifting is *more than* 20 pounds a time, this PRW cannot be characterized as "light" work.

The ALJ found Plaintiff only retained the capacity to perform "light" work. (Tr. 18-21, Finding 5). Since her PRW is more than "light," Plaintiff does not retain the capacity to perform this work. Because Plaintiff does not retain the capacity to perform her PRW and because the ALJ

improperly found she did retain this capacity, the Court cannot find the ALJ's disability determination is supported by substantial evidence.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of June 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE